UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN ALLEN SWITEK,

              Petitioner,              Case No. 2:21-cv-12450
                                                        Hon. Nancy G. Edmunds

v.

MIDLAND COUNTY SHERIFF,[1]

              Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner, Benjamin Allen Switek, asserts that he is an inmate at the Midland County Jail facing charges of possession of methamphetamine, evading the police, and unlawful use of a motor vehicle. (Petition, ECF No. 1, PageID.1.) Petitioner filed this petition for a writ of habeas corpus, claiming:

> Midland County violated my life and my liberty and freedom by not going on the record stating subject matter jurisdiction, civil action for deprivation of rights, color of law; no relief from prejudice caused by the pandemic of COVID-19 delta variation; and violation of due process, which in terms is a violation of due process under the 5th Amendment. Also violation of notification of reservation of rights under U.C.C. 1-308/1-207.

(*Id.*)

After a petition for writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254

---

[1] Petitioner does not list a Respondent on his petition. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner at a county jail is the Sheriff. See Rule 2(a), 28 U.S.C. § 2254.

Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

The instant petition will be summarily dismissed because it is not ripe for review. In the absence of "special circumstances," federal habeas corpus relief is not available to review a state criminal charge prior to a judgment of conviction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A state criminal case is ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his direct appeals. *See Hoard v. State of Michigan*, No. 2005 U.S. Dist. LEXIS 48497, 2005 WL 2291000, *1 (E.D. Mich. Sept. 19, 2005).

Although federal courts have jurisdiction to hear certain pre-trial habeas corpus petitions, a federal court should abstain from exercising this jurisdiction if the issues raised in the petition are capable of being resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).

Exceptions to the abstention rule do not apply here. One exception arises when the habeas petitioner claims that the impending state trial would violate the Double Jeopardy Clause. *See Klein v. Leis*, 548 F.3d 425, 430, n.2 (6th Cir. 2008); Moore, 875 F. Supp. at 622, n.2. The other exception applies to claims regarding a denial of a defendant's speedy trial rights where the relief sought in the petition is a timely trial. *Atkins*, 644 F.2d at 547. Petitioner does not raise either of these claims.

Rather, it appears that Petitioner is seeking dismissal of the state criminal charges on vague due process grounds. Such claims can be raised in the state trial court and then on appeal if Petitioner is convicted. When a habeas petitioner brings a prejudgment habeas petition seeking

2

dismissal of the charges against him, his habeas action must await the conclusion of such state court proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000) (internal citations omitted). This includes the requirement that the petitioner exhaust any state court remedies he has in the state appellate courts after trial. *See Dillon v. Hutchinson*, 82 F. App'x 459, 461-462 (6th Cir. 2003) (pre-trial habeas petitioner not entitled to habeas relief when he failed to exhaust his Interstate Agreement on Detainers (IAD) claim).

Accordingly, the habeas petition will be summarily dismissed because Petitioner's claims are not ripe.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). Reasonable jurists would not debate the Court's assessment of Petitioner's claim, nor conclude that the issues deserve encouragement to proceed further. The Court therefore denies a certificate of appealability.

Finally, because an appeal could not be taken in good faith, the Court denies leave to proceed in forma pauperis on appeal should Petitioner decide to appeal this decision. 28 U.S.C. § 1915(a)(3).

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

                                                     s/ Nancy G. Edmunds
                                                     Nancy G. Edmunds
                                                     United States District Judge

Dated:  November 2, 2021